**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VENECIA DORSEY AND SIMONE REDMAN, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) | NO. 18 cv |
| | ) | Honorable Judge |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VENUESMART, LLC, | ) ) | *JURY DEMAND* |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, VENECIA DORSEY AND SIMONE REDMAN, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for their Complaint against Defendants VENUESMART, LLC, states as follows:

**I.      NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*

**II.      JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendant is or was engaged in business in this district.

III.   **THE PARTIES**

3.   Defendant, **VENUESMART, LLC**, (hereinafter "Defendant") is engaged in the business of concert and entertainment venue clean-up services and within its website content, lists its principle place of business at 7830 State Line Rd, Suite #18, Prairie Village, Kansas.   Defendant is an "enterprise" and an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. §203.   During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

6.   Defendant utilizes various mediums of social media to recruit employees, such as Plaintiffs herein, at the locations around the United States where it has contracted with entertainment companies to provide clean-up services for events such as concerts, fairs, stadium sports events, festivals, race tracks and other special event venues (hereinafter the "events").

7.   Defendant, upon information and belief gathered in early investigation efforts, contracts with individuals and entities local to the event they are servicing for the purpose of recruiting and soliciting employees such as Plaintiff herein to work multiple day shifts in furtherance of the clean-up services provided at the events.

8.   Plaintiffs (hereinafter referred to as "the named Plaintiffs") have recently and/or in the past been employed by Defendant on an hourly basis to perform work as clean-up laborers at one or more of the event locations.   The named Plaintiffs have in the past been denied time and one-half their regular or "effective" hourly rate ("overtime") for

work performed in excess of forty (40) hours within a statutory "workweek", as defined by 29 C.F.R. 778.105.

9. Additionally, the named Plaintiffs have, with respect to their most recent work in early August of 2018, been denied payment in total for work performed, including overtime work over 40 hours.

10. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant at events throughout the United States and, like the named Plaintiffs, have been denied payment of wages and overtime wages as described above.

11. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein; namely the nonpayment of wages for work performed as well as failure to pay overtime rates for hours worked in excess of forty (40) in a workweek.

12. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims herein.

## IV.     STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

13.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.*  Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, §260.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

15.     Defendant employed Plaintiffs and members of the Plaintiff Class to perform clean-up services at one or more of the events but have failed to pay for that work and/or failed to pay overtime rates for work in excess of forty (40) in a workweek as required by the FLSA.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT

1-15.  Paragraphs 1 through 15 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 15 of this Count I.

16.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular or effective rate of pay for all hours worked in excess of forty (40) hours, in any statutory week, during the two (2) years preceding the filing of this action.

17.     Defendant has at all times relevant hereto failed and refused to pay compensation and/or overtime compensation to its employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation and unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-17 Paragraphs 1 through 17 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count II.

18.     Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the FLSA, or with a reckless disregard for whether or not the policies and practices were in violation of the FLSA. Through legal and other professional counsel, as well as industry experience and custom, Defendant possessed ample resources to access the pertinent regulations and statutory provisions relating to the requirements of the FLSA and either failed to seek out such information and guidance or did seek out the information and guidance and nevertheless failed to adhere to the principles of compliance as stated.

19.     Pursuant to the Fair Labor Standards Act, the named Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation for all work performed and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation including overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)     awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-19.   Paragraphs 1 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count III.

20.     In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.  Through legal and other professional counsel, as well as industry experience and custom, Defendant possessed ample access to the pertinent regulations and statutory provisions relating to the requirements of the FLSA and either failed to seek out such information and guidance or did seek out the information and guidance and nevertheless failed to adhere to the principles of compliance as stated.

21.     The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.


Respectfully submitted,

*Electronically Filed 09/13/2018*

/s/ John W. Billhorn

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other
Plaintiffs similarly situated, known or
unknown.